IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AROR-ARK O'DIAH,<br><br>    Plaintiff,<br><br>  v.<br><br>DISCOVER BANK a/k/a DISCOVER a/k/a DISCOVER BANK CREDIT CARD, DISCOVER BANK CREDIT CARD OPERATIONS MANAGERS, NEW YORK-PRESBYTERIAN LOWER MANHATTAN HOSPITAL, DR. COLLEEN McCARTHY, JASON AUSMUS, SZEKUM TAM, ELLEN HAWA, WEILL CORNELL MEDICINE a/k/a WEILL CORNELL INTERNAL MEDICINE ASSOCIATES, NEW YORK MEDICAL AND DIAGNOSTIC CENTER a/k/a ORTHO-NEURO-MUSCULO-SKELETAL DIAGNOSTIC AND TREATMENT CENTER, AND ALL CENTERS PHYSICIANS AND MEDICAL DOCTORS, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, FLORENCE MERCER, COMMISSIONER SAMUEL ROBERTS FOR THE NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, and SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendants. | No. C 19-00816 WHA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT AND TO TRANSFER SINGLE CLAIM TO PROPER VENUE** |

**INTRODUCTION**

In this civil rights action, Magistrate Judge Elizabeth Laporte has filed a Report and Recommendation regarding plaintiff's *in forma pauperis* application and complaint. For the reasons below, the Report and Recommendation is **ADOPTED,** plaintiff's application to proceed

*in forma pauperis* is **GRANTED,** and all claims are **DISMISSED WITHOUT PREJUDICE** against defendants, except for claims related to a Social Security disability decision dated December 14, 2018. Claims related to that decision will be **TRANSFERRED** to the proper venue, the Eastern District of New York.

**STATEMENT**

On February 14, plaintiff Aror-Ark O'Diah, proceeding *pro se*, brought this action against Discover Bank, Discover Bank Credit Card Operations Managers; New York-Presbyterian Lower Manhattan Hospital, Dr. Colleen McCarthy, Jason Ausmus, Szekum Tam, and Ellen Hawa; Weill Cornell Medicine; New York Medical and Diagnostic Center; New York Human Resources Administration; Commissioners Samuel Roberts and Florence Mercer of the New York State Office of Temporary and Disability Assistance; and the Social Security Administration. This case was related to C 19-01854 by April 29 order of the undersigned (Dkt. No. 18). That case named forty-six other defendants, included some overlapping allegations to this complaint, and is dealt with in a separate order.

Here, plaintiff's complaint contains nearly 100 paragraphs alleging such wide-ranging misconduct against him from improper calculations of his Social Security benefits to being set on fire while he was in prison to being refused medical treatment due to his lack of health insurance (Dkt. No. 1). In fourteen separate claims alleging violation of his constitutional rights due to discrimination for his national origin or failure to provide timely government benefits, plaintiff seeks $50 million against each defendant, for $1.2 billion in damages. Plaintiff also filed a motion to proceed *in forma pauperis* (Dkt. No. 3).

On March 15, Magistrate Judge Elizabeth Laporte filed a report and recommendation that: (1) granted plaintiff's application to proceed *in forma pauperis*; (2) recommended dismissal of all claims without prejudice, except for plaintiff's claim relating to his appeal of the Social Security Administrative Law Judge's decision that plaintiff's period of disability began only as of September 2016, rather than June 2000 as plaintiff contends; and (3) recommended transfer of the Social Security claim to the Eastern District of New York, which appears to be the proper venue for plaintiff's social security appeal (Dkt. No. 9). Any objection to Judge

Laporte's report and recommendations was due within 14 days after being served with a copy. Service was completed on March 15, 2019 (Dkt. No. 9-1). As of the date of this order, plaintiff has not filed any objection.

**ANALYSIS**

For the reasons set forth in Magistrate Judge Laporte's Report and Recommendation, plaintiff has failed to state any claims against defendants that are not frivolous (Dkt. No. 9).

In defining the meaning of "frivolous" under Section 1915(e)(2)(B), the United States Supreme Court has held that the *in forma pauperis* statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). "A court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations . . . [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff has two claims that need to be addressed in other forums. *First*, plaintiff claims that he was denied relief from the New York City Human Resources Administration for welfare assistance in 2014, in spite of an order, supposedly issued by an administrative law judge, that benefits be given retroactively. If there is a legal basis for that claim, plaintiff needs to seek relief in the proper jurisdiction. This court cannot enter the relief that plaintiff seeks against a state agency for failure to pay welfare benefits. *Second*, plaintiff has filed his claim concerning a Social Security disability decision in the wrong district. Plaintiff has two residences, one in Oakland, California, and the other in Brooklyn, New York, evinced by documents attached to his complaint (Dkt. No. 13-3). A complaint for judicial review of a Social Security decision must be filed "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court

3

for the District of Columbia." 42 U.S.C.§ 405(g). Generally, a Social Security case that is improperly venued will be transferred to the proper court. *See Barrett-Barksdale v. Colvin*, 2014 WL 4929444 at *1 (E.D. Cal. Sept. 30, 2014).

## CONCLUSION

The court has reviewed and hereby **ADOPTS IN FULL** Judge Laporte's report and recommendations. Accordingly, plaintiff's claims against all defendants except for those related specifically to his appeal of the Social Security administrative law judge's decision regarding his date of disability are **DISMISSED**. The clerk shall transfer this action to the United States District Court for the Eastern District of New York. Plaintiff's ex parte application re issuance of summons and service of the complaint (Dkt. No. 13) shall be **HELD IN ABEYANCE** and ruled on by the district to whom this case is transferred.

**IT IS SO ORDERED.**

Dated: May 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE