UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
AROR-ARK O'DIAH,

                 Plaintiff,

     - against -

DISCOVER BANK, also known as
DISCOVER, also known as DISCOVER
BANK CREDIT CARD;
DISCOVER BANK CREDIT CARD
OPERATIONS MANAGERS; NEW YORK-
PRESBYTERIAN LOWER MANHATTAN
HOSPITAL; DR. COLLEEN MCCARTHY;
JASON AUSMUS; SZEKUM TAM; ELLEN
HAWA; WEILL CORNELL MEDICINE, also
known as Weill Cornell Internal Medicine
Associates; NEW YORK MEDICAL AND
DIAGNOSTIC CENTER, also known as Ortho-
Neuro-Musculo-Skeletal Diagnostic and
Treatment Center, and All Centers Physicians
and Medical Doctors; NEW YORK CITY
HUMAN RESOURCES ADMINISTRATION;
FLORENCE MERCER; SAMUEL ROBERTS,
Commissioner for The New York State Office
of Temporary and Disability Assistance; and
SOCIAL SECURITY ADMINISTRATION,

                 Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-2730 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      By Order entered January 11, 2012, the Honorable Sandra J. Feuerstein enjoined Plaintiff Aror Ark O'Diah ("Plaintiff") from filing any new actions in this Court without first seeking leave of the Court. *See O'Diah v. Port Auth. of N.Y. & N.J.*, No. 05-CV-5297 (SJF) (LB), 2012 WL 113551, at *2 (E.D.N.Y. Jan. 11, 2012) (hereinafter, "the 1/11/12 Injunction Order"). Within 20 days of filing any new complaint, petition, or pleading in this Court, Plaintiff must file a motion for leave to commence the new action, setting forth the good faith basis for filing the action. *Id.*

Failure to do so will result in dismissal of the action with prejudice and without further notice to Plaintiff. *Id.* Among other requirements, Plaintiff must also append a copy of the 1/11/12 Injunction Order to every complaint, petition, or pleading he seeks to file in any federal court. *Id.* at *3.

Disregarding the requirements of the 1/11/12 Injunction Order, Plaintiff filed the above-captioned *pro se* action in the United States District Court for the Northern District of California on February 14, 2019. (*See* Complaint ("Compl."), Dkt. 1.) Plaintiff failed to comply with the 1/11/12 Injunction Order in that he did not append a copy of that Order to his complaint. On March 15, 2019, the Honorable Elizabeth D. Laporte, United States Magistrate Judge, filed a Report and Recommendation, recommending dismissal of the complaint except to the extent that it could be construed as asserting a challenge to the Social Security Administration's ("SSA") determination that Plaintiff's disability began on September 27, 2016 rather than June 29, 2000. (Report and Recommendation ("R&R"), Dkt. 9, at 3.) Solely with respect to that claim, Magistrate Judge Laporte recommended that the action be transferred to this Court, as it would be the proper venue for a Social Security appeal by Plaintiff. (*Id.* at 3–4, 6 (noting that Plaintiff appears to reside in Brooklyn, New York).) On May 9, 2019, the Honorable William Alsup, United States District Court Judge for the Northern District of California, adopted Magistrate Judge Laporte's R&R and transferred the action to this Court. (Order Adopting R&R, Dkt. 20.)

On May 17, 2019, Plaintiff filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeking to vacate Judge Alsup's Order. (Notice of Motion to Vacate, Dkt. 24-2.) Plaintiff's motion was originally filed in the Northern District of California, but this Court received copies of Plaintiff's motion and supporting briefs on May 22, 2019. In summary, Plaintiff argues that Judge Alsup and Magistrate Judge Laporte acted corruptly and relied on misrepresentations

when issuing their respective Orders. (Plaintiff's Memorandum of Fact, Dkt. 24-3.) The basis for this claim appears to be that Magistrate Judge Laporte "knew or should have known that JUDGES at the UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF NEW YORK did hire[] Hard Core Criminals to murder [Plaintiff] while [he] was illegally held in New York State Prison." (*Id.* at ECF[1] 18.) Plaintiff claims that this constitutes "fraud" and "newly discovered evidence" of their conflicts of interest, justifying vacatur under "Rule 60(a)(b)." Because Plaintiff's arguments for vacatur have no plausible merit, Plaintiff's motion is denied. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) ("Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." (brackets, citations, and quotation marks omitted)); *Wright v. Poole*, 81 F. Supp. 3d 280, 290 n.7 (S.D.N.Y. Dec. 17, 2014) ("A Rule 60(a) motion 'is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made.'" (quoting *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-CV-7141 (JFK), 2010 WL 2674555, at *1 (S.D.N.Y. July 6, 2010))); *see also Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934 (KMK), 2019 WL 498253, at *4 (S.D.N.Y. Feb. 8, 2019) ("[E]ven where a movant can demonstrate that one of the enumerated grounds in Rule 60(b) applies, in order to prevail the movant must still demonstrate a strong case that the movant has a meritorious claim." (quoting *EMI Entm't World, Inc. v. Karen Records, Inc.*, No. 05-CV-390 (LAP), 2013 WL 2480212, at *2 (S.D.N.Y. June 10, 2013))).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

If Plaintiff wishes to proceed with this action, he must file a motion for leave to commence this action within twenty (20) days of this Order.[2] *See O'Diah v. Port Auth. of N.Y. & N.J.*, 2012 WL 113551, at *2. That motion must set forth the good faith basis for Plaintiff to file the action against each named Defendant. *Id.* The only claim the Court will entertain, and thus the only claim that Plaintiff should seek to pursue in his motion for leave to commence this action, is an appeal of the final decision by the Commissioner of the SSA finding Plaintiff disabled as of September 27, 2016. (*See* Compl., Dkt. 1, ¶¶ 48–50.)

In order to facilitate the efficient response to and consideration of Plaintiff's Social Security appeal, Plaintiff shall also file an amended complaint within twenty (20) days of this Order. In the amended complaint, Plaintiff must name the Commissioner of the Social Security Administration as the Defendant in this action and attach a copy of the Commissioner's final decision denying benefits to which Plaintiff is allegedly entitled. If Plaintiff fails to file both a motion for leave to commence this action and an amended complaint that complies with this Order within the time allowed, this action will be dismissed with prejudice. The Court certifies pursuant to

---

[2] Even if Plaintiff files a motion for leave to commence this action, the Court will not entertain any claims related to the incidents involving Plaintiff's employment and interactions with law enforcement that occurred between 2000 to 2013, his 2014 application for public assistance benefits and decisions of the New York State Office of Temporary and Disability Benefits, his allegations that the SSA has interfered with his business relationships, or his interactions with various medical providers, as these claims were previously dismissed in Judge Alsup's May 7, 2019 Order and were also raised in Plaintiff's prior actions in this Court. *See, e.g.*, *O'Diah v. U.S. Dep't of Health & Human Servs.*, No. 16-CV-1373 (PKC), 2016 WL 10567949 (E.D.N.Y. June 6, 2016) (dismissing claims related to public benefits and Plaintiff's 2007 conviction); *O'Diah v. Corcoran*, No. 09-CV-3580 (SJF) (dismissing petitions for *habeas corpus* challenging the 2007 conviction); *O'Diah v. Cuomo*, No. 11-CV-1793 (SJF), 2013 WL 1339413 (E.D.N.Y. Mar. 29, 2013) (same as *Corcoran*); *O'Diah v. Hereford Ins. Co.*, No. 10-CV-944 (DLI), 2011 WL 976415 (E.D.N.Y. Mar. 16, 2011) (dismissing claims related to an automobile accident), *motion to vacate denied*, 2012 WL 195003 (E.D.N.Y. Jan. 23, 2012); *O'Diah v. Port Auth. of N.Y. & N.J.*, No. 05-CV-5297 (SJF), 2008 WL 11417248 (E.D.N.Y. Sept. 18, 2008) (dismissing plaintiff's claims related to his prosecution and incarceration and interactions with law enforcement).

28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 29, 2019
      Brooklyn, New York